Middleton, J.
Is the finding and order of the Common Pleas Court entered by default on or about July 20, 1949, binding upon the Industrial Commission! Should mandamus issue requiring the Industrial Commission to determine the amount of compensation to which the claimant (relator) is entitled and order the same to be paid?
The answer to these questions must be found in construction of the Workmen’s Compensation Act, particularly Sections 1465-74 and 1465-90 (120 Ohio Laws, 449), General Code.
The respondents urge three defenses: (1) That the Court of Common Pleas, having dismissed respondent Industrial Commission of Ohio as a party defendant, was without jurisdiction to make or render judgment against it and therefore, the judgment entered July 20,1949, was void; (2) that the petition for mandamus does not state facts sufficient to constitute a cause of action; and (3) that this court has no jurisdiction of the subject matter.
The respondents erroneously refer to the finrling and order of the Common Pleas Court entered July 20, 1949, as a judgment against the Industrial Commission and as one rendered after the commission had been dismissed and was no longer a party defendant. That order of the court was merely a finding that the plaintiff (relator) was entitled “to participate in the state industrial insurance fund and receive compensation under the Workmen’s Compensation Law of Ohio.” It was such a finding and order as was authorized by Section 1465-90, General Code. If it was *178 binding upon the Industrial Commission it was because the statute made it so.
The procedure followed by the relator as claimant and plaintiff was that prescribed in Sections 1465-74 and 1465-90, General Code. George Enold was a noncomplying employer. Section 1465-74, General Code, authorized his injured employee to elect to file his application with the commission for compensation, in lieu of proceeding against the employer in an action at law. This the claimant did. The same section of the General Code then required the commission to hear and determine such applications for compensation in like manner as other claims and to make such award as the claimant would have been entitled to if such employer had complied with the provisions of the act by paying into the state insurance fund. The commission heard the claim as required but denied claimant’s right to compensation.
If, after hearing, the commission denied the right of claimant to receive compensation, it was required by Section 1465-90, General Code, to state the ground or grounds of such denial. This the commission did, stating as the ground that the claimant was not an employee. That section of the General Code then provided :
‘ ‘ * * * and if the claim was denied on any of the following grounds: * * * that the injured person was not an employee; * * * then the claimant may within thirty days after the receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon the former action of the commission thereon shall be vacated. * * * The commission shall fix a date for rehearing of such claim * * *. Such hearing shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions. * * *
*179 “If the commission, after such hearing, denies the right of the claimant to receive * * # compensation it shall state the ground or grounds on which the claim was denied and if the claim was denied on any of the grounds hereinabove specifically stated then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted * #
All the steps outlined above were followed.
The same section then provided: “If the claimant is seeking compensation from the state insurance fund, the defendant in such action shall be the Industrial Commission * * *. If the claimant is seeking compensation from an employer * * * who has failed to comply with this act, the defendant in such action shall be such employer and summons shall issue to such employer. Further pleadings shall be had in accordance with the rules of civil procedure.” The next following sentence then recognized the duty of the commission to participate in such action brought against a noncomplying employer. It provided: ‘ ‘ The Attorney General shall designate one or more of his assistants or special counsel to act as counsel for the commission and he shall call upon the prosecuting attorney of the county in which the suit is pending to render such assistance in connection therewith as he, the Attorney General, may deem necessary; and if, for any reason at any stage of such proceeding, the Attorney General, his assistants or special counsel do not appear for or represent and defend the commission, the commission shall select one or more of the attorneys in the employ of the Industrial Commission to represent the commission.”
Both the noncomplying employer and the Industrial Commission were made defendants in the Common *180 Pleas Court. It is clear that the commission was not a necessary party, for the above-quoted statute provided that in such action the noncomplying employer shall be the defendant. It does not however follow that the Industrial Commission was not a proper party. Nevertheless the Industrial Commission was dismissed on its own motion as not being a necessary or proper party. Whether named as a defendant or not, the Industrial Commission was charged with the duty of defending, or at least participating in, the action and it did not escape that duty by being dismissed as a nominal defendant.
The commission argued by brief that after it was dismissed as a defendant, the plaintiff’s action was against the employer under Section 1465-73, General Code, which authorizes an action at law against a noncomplying employer, denies the employer certain common-law defenses, and provides that any recovery in such action would be from the employer rather than from the state insurance fund. That position is manifestly untenable. The claimant did not institute an independent action against the employer. He filed his claim with the commission and carefully followed the prescribed procedure to establish his claim for compensation, not damages. The action instituted in the Common Pleas Court was the one authorized by statute and was the prescribed method of appealing his claim to the court.
When such a claim for compensation is filed with the commission against a noncomplying employer, the commission is an interested party with respect to that claim and is charged with the duty to protect the claimant ’s rights as well as the interests of the commission. As evidence of this, Section 1465-74», General Code, requires the commission to make and file for record in *181 the office of the recorder in the county or counties where such noncomplying employer’s property is located an affidavit showing the date of the filing of the claim, the address of the noncomplying employer and the fact that he has not complied with the requirements of the act. This affidavit is recorded as a mortgage on the employer’s real estate and constitutes a lien from the time of its filing in favor of the Industrial Commission. It is then provided: “It shall be the duty of the commission to have such lien cancelled of record after the employer has paid to the claimant or to the commission the amount of the compensation or benefits which has been ordered paid to the claimant, or when the application has finally been denied after the claimant has exhausted the remedies provided by km in such cases * # (Emphasis supplied.) The commission’s duties with respect to such a claim do not terminate until the claim is disposed of conclusively.
Was, then, the finding and order taken by default valid?
In addition to the provisions above quoted, Section 1465-90, General Code, provided, with respect to the proceeding in the Common Pleas Court:
“Within ten days after the filing of the answer the Industrial Commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence * * V'
No answer was filed by the defendant Enold. The commission did not file its record of the rehearing. It denied any obligation to file the record because it had *182 been dismissed as a defendant and, as it claimed, the action then proceeded against Enold alone under Section 1465-73, General Code. In argument relator's counsel stated, without denial, that he requested the commission to file the record of the rehearing and that the commission refused to do so because it was not due until after answer was filed, and no answer was filed. Under these circumstances the validity of the default finding and order is challenged. If the position so taken by the commission were sound it would be impossible for a claimant to procure a finding and order of right to compensation in an action against a noncomplying employer, even though he followed the procedure prescribed by the statutes with meticulous care. If the defendant employer did not answer, the commission would not file the record of rehearing and the trial could not be held for lack of the required evidence. Thus the commission would protect the employer and bar the employee’s recovery. To state such proposition demonstrates that it is unsound.
The statute above quoted (Section 1465-90) provided that, after the action is filed in the Common Pleas Court, “further pleadings shall be had in accordance with the rules of civil procedure.” The import of the entire section, so far as it related to the action in the Common Pleas Court, was that it was to be conducted as any other civil action. It was the duty of the commission to protect the state insurance fund against establishment of an unjustified claim and at the same time to protect any rights of claimant which might be established in the action and later to enforce collection of any compensation or benefits found due him.
The duty to file in the Common Pleas Court the transcript of the record of rehearing was placed upon the Industrial Commission. The time for filing was *183 specified as ‘ ‘ within 10 days after the filing of the answer. ” That provision merely defined the maximum time within which the transcript was to be filed. It could be filed earlier and its filing need not be postponed until an answer was filed. Certainly, the Industrial Commission could not, by failing or refusing to file the transcript, create a situation where a default, finding and order became impossible. If the commission stood by and allowed a default order to be taken it cannot complain.
This action in the Common Pleas Court was not to recover damages or a money judgment but to procure a finding of right to participate in the state insurance fund. The extent of such participation would then be determined by the commission. Parallel cases are rare. This court has, however, granted quo warranto' by default. State, ex rel. McGhee, Atty. Genl., v. Ohio-Utilities Co., 100 Ohio St., 538, 127 N. E., 926. We see no reason to question the validity or enforceability of of the finding and order entered by the Common Pleas-Court on July 20, 1949. The finding and order so entered by default is valid.
The Common Pleas Court certified its finding and order to the commission as required by Section 1465-90, General Code. When that was done the statute required that “the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards. ’ ’
Section 12283, General Code, defines mandamus as follows:
“Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
*184 The petition for mandamus fully sets forth the facts relied upon and it sufficiently states a cause of action.
Under the above definition and the facts of this case the relator is entitled to a writ as prayed.

Writ alloived.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Hart, JJ., concur.